UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN D. HALPERIN, *solely in his capacity as Unsecured Creditor Trustee for Senior Care Centers, LLC, et al.*, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-CV-1091-B |
| GRANITE MASTER PARTNERS, L.P., et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion to Dismiss (Doc. 13). Having reviewed the briefing

and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The Court

dismisses all claims against the ten defendants who predeceased this case's filing[2] (hereinafter the

"Deceased Defendants") for lack of subject-matter jurisdiction. All other claims will proceed.

## I.

## BACKGROUND

Plaintiff Alan D. Halperin (hereinafter the "Trustee") brought this action in his capacity as

an unsecured creditor trustee in a related bankruptcy proceeding. He seeks to recover money that

was originally held by the bankruptcy debtor but, as a result of multiple transfers, is now allegedly

held by Defendants.

---

[1] All Defendants except Dernic, LLC and Patricia Quaresma join this Motion.

[2] The Court takes judicial notice that Defendants Gerald LeWinter, Joyce E. Posik, Sharon N. Eliasen, Charles W. Wafer, James E. Posik, John W. Wasserburger, Mandred Wherhagen-Kastell, Sandra LeWinter, Tedde R. Smith, and Todd A. Hayes died before the Trustee filed this action.

On December 4, 2018, a skilled-nursing-home operator known as Senior Care Centers, LLC and its affiliates (collectively, "SCC") filed for Chapter 11 bankruptcy. Doc. 1, Compl. ¶¶ 2, 100. By that point, it had already been insolvent for at least four years. *See id.* ¶ 127. Nevertheless, in those four years, SCC allegedly transferred more than $90 million to a privately held real estate fund known as Granite Investment Group ("Granite"). *Id.* ¶¶ 100, 131-32.

Just within two years after SCC filed for bankruptcy, on December 3, 2020, the Trustee brought a fraudulent transfer avoidance action under 11 U.S.C. § 544, seeking to "avoid" and recover those initial transfers from SCC to Granite. *Id.* ¶¶ 139. The Trustee obtained a judgment (the "avoidance judgment") against Granite on May 3, 2024, thereby "avoiding" those transfers. *Id.* ¶ 140.

But the money was no longer in Granite's hands. Granite had allegedly transferred those funds to Defendants—all of whom were investors in Granite or in Granite's syndicated investments. *Id.* ¶¶ 136-38.

On May 2, 2025, predicated on the avoidance judgment, the Trustee brought this recovery action under 11 U.S.C. § 550(a) and the Texas Uniform Fraudulent Transfers Act ("TUFTA"). *See id.* ¶¶ 145-56. Defendants filed their Motion to Dismiss in late July 2025. Defendants argue first that the Court lacks jurisdiction over the Deceased Defendants.[3] *See* Doc. 13, Mot., 4-6; Doc. 19, Reply, 1 n.1. All other Defendants then argue that the Trustee fails to state a claim because his recovery action is time-barred.[4]

---

[3] Defendants also ask the Court to dismiss the Trustee's claims against the Deceased Defendants for lack of service of process. Doc. 13, Mot., 6. The Court does not reach that argument because it dismisses all claims against the Deceased Defendants for lack of subject-matter jurisdiction.

[4] Defendant Patchas Realty LLC made its own arguments for dismissal but has since withdrawn those arguments. *See* Doc. 19, Reply, 3 n.2.

The Court considers the Motion below.

## II.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a plaintiff's complaint for "lack of subject-matter jurisdiction." Once the defendant files a Rule 12(b)(1) motion, "the party invoking jurisdiction has the burden to establish subject[-]matter jurisdiction." *Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 3d 989, 996 (E.D. Tex. 2024) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). A court can find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161 (citation omitted). Even where neither party challenges subject-matter jurisdiction, "federal courts are duty-bound to examine the basis of subject[-]matter jurisdiction sua sponte." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Nevertheless, in considering whether the plaintiff has stated a claim, courts "must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Breaux v. Worrell*, 141 F.4th 712, 716 (5th Cir. 2025) (citation omitted). "A statute of limitations defense may be properly raised in a Rule 12(b)(6) motion to dismiss when the complaint affirmatively shows that the claims are time-barred." *SB Intn'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 1411042, at *3 (N.D. Tex. May 14, 2007) (Fish, C.J.) (citation omitted).

## III.

## ANALYSIS

The Court first addresses its own subject-matter jurisdiction to hear the Trustee's recovery claim. Finding that it lacks jurisdiction to hear claims asserted against the Deceased Defendants, the Court dismisses the Trustee's claim as to those Defendants only. The Court then addresses whether any applicable statute of limitations bars the Trustee's recovery action against the remaining Defendants and finds that the applicable statute of limitations for recovery actions does not bar the Trustee's suit.

A.    *The Court Lacks Subject-Matter Jurisdiction Over the Deceased Defendants.*

It is "self-evident" that "you cannot sue a dead person." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950-51 (9th Cir. 2020) (noting that this view is the "unanimous" consensus of federal courts of appeal to address this issue); *see Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (dismissing action against deceased person and finding that, while a plaintiff could substitute a defendant "who had been made a party before his death" with that defendant's

heirs, the plaintiff could not do so where the named defendant predeceased the filing of the action). Where a defendant predeceases the filing of the action, federal courts lack subject-matter jurisdiction over those defendants. *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 242 (3d Cir. 2022). Because the Court lacks subject-matter jurisdiction over the Deceased Defendants, and Plaintiff cannot substitute additional parties to replace them, the Court hereby **DISMISSES** all claims asserted against those Defendants.

Defendants' Motion notes that certain unidentified but "authorized" affiliates of the Deceased Defendants directed Defendants' counsel to challenge subject-matter jurisdiction under Rule 12(b)(1). *See* Doc. 13, Mot., 4 & n.1. The Trustee challenges the propriety of this Motion. He argues that the Court should not permit anonymous persons to "move for dismissal" for the Deceased Defendants because those persons have not actually appeared in this case and the Court lacks a basis to determine whether those persons can bring this motion to begin with. Doc. 18, Resp., 7. The Trustee requests that the Court instead construe this Motion as one to intervene and require Defendants' counsel to demonstrate his basis for authority to make arguments on the Deceased Defendants' behalf. *Id.* at 7-8.

The procedural nature of Defendants' Rule 12(b)(1) argument is certainly unusual, but the Court need not decide here if unidentified non-parties can properly move to dismiss based on a defendant's pre-lawsuit death. The Court has an independent duty to examine the basis of subject-matter jurisdiction—even absent the Rule 12(b)(1) Motion here. *Colvin*, 2 F.4th at 498. The Court cannot allow claims filed against deceased persons to go forward because it lacks jurisdiction to hear those claims. Nor can the Court permit substitution where the Deceased Defendants *predeceased* the

filing of this action. *Mizukami*, 419 F.2d at 1320. If the Trustee seeks to add additional defendants, he may do so, or seek leave to do so, under the applicable rules.

B.        *The Applicable Statute of Limitations Does Not Bar the Trustee's Recovery Action.*

Two different statutory provisions, each with its own statute of limitations, allowed the Trustee to bring his earlier action to avoid the SCC-to-Granite transfers and then to bring this action to recover the money. Defendants' argument that this action is time-barred invokes the first statutory provision's limitations period, but that limitations period does not apply to actions brought under the second statutory provision. This recovery action is therefore timely.

The first statutory provision, § 544(a), empowers bankruptcy trustees to bring certain fraudulent transfer "avoidance actions" for the benefit of the bankruptcy estate against recipients of a fraudulent transfer. Avoidance actions help trustees recover otherwise lost assets for the estate and "equalize the distribution of the debtor's assets among creditors by preventing the debtor from offloading assets to preferred creditors outside of the formal bankruptcy process." *United States v. Miller*, 604 U.S. 518, 523 (2025).

Trustees must bring § 544 avoidance actions (1) before the bankruptcy case is closed or dismissed and (2) before the *later* of two years after entry of "the order for relief" or one year after appointment or election of the trustee. *See* 11 U.S.C. § 546(a) (imposing the statute of limitations for avoidance actions). The "order for relief" is usually the bankruptcy petition itself. *See, e.g., In re Senior Care Ctrs., LLC*, 607 B.R. 580, 586 (Bankr. N.D. Tex. 2019) (using the date when the debtors filed their bankruptcy petitions as the "date of the order for relief"). In short, as long as the

bankruptcy proceeding is still pending, an avoidance action filed within two years of the bankruptcy petition is timely.

The second statutory provision—§ 550(a)(2)—comes into play when, after a successful avoidance action against an initial transferee, the property at issue has already been transferred from the initial transferee to other parties: "immediate" or "mediate" transferees. In such instances, § 550(a)(2) empowers bankruptcy trustees to bring fraudulent transfer "recovery actions" against "any immediate or mediate transferee of such initial transferee" where the Trustee previously avoided the initial transfer under § 544 or another avoidance statute.[5] Trustees cannot bring recovery actions after the earlier of (1) "one year after the avoidance of the transfer on account of which recovery under this section is sought" or (2) the time the bankruptcy case is closed. § 550(f).

Because recovery actions depend on the avoidance of the initial fraudulent transfer, immediate or mediate transferees can relitigate whether the initial transfer was itself avoidable, unless they are precluded by res judicata or collateral estoppel principles. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 30 (S.D.N.Y. 2013) ("[A] subsequent-transferee defendant from whom the Trustee seeks to recover may assert any defense available to the initial transferee, unless collateral estoppel or res judicata bars that defense."); *In re Jones Storage & Moving, Inc.*, No. 00-14862, 04-5106, 2005 WL 2590385, at *4, *7 (Bankr. D. Kan. Apr. 14, 2005) (holding that trustee could not rely on stipulated avoidance judgment against initial transferee to satisfy burden in subsequent § 550 recovery action to show avoidance of initial transfer and that recovery-action defendant could argue prior avoidance action should have been barred by § 546's statute of

---

[5] Under the majority interpretation, § 550(a) does not require a trustee to obtain an avoidance judgment before bringing a recovery action—the trustee need only show in the recovery action that the initial transfer is still avoidable. *See In re Glob. Prot. USA, Inc.*, 546 B.R. 586, 619 (Bankr. D.N.J. 2016) (collecting cases). Because there is a prior avoidance judgment here, this distinction is not particularly relevant.

limitations); *cf. In re Equity Land Title Agency, Inc.*, 370 B.R. 154, 160 (Bankr. S.D. Ohio 2007) (holding that trustee could not rely on default judgment in earlier avoidance action against initial transferee to establish the "predicate avoidable transfer" in subsequent § 550 recovery action). Nevertheless, "the concepts of avoidance and recovery are separate and distinct." *In re AVI, Inc.*, 389 B.R. 721, 733 (9th Cir. BAP 2008).

Defendants argue that they can relitigate whether the transfer from SCC to Granite was avoidable with any defense that was available to Granite in the Trustee's prior § 544 avoidance action—including statute of limitations arguments. *See* Doc. 13, Mot., 10. The Trustee does not contest this possibility, and the Court agrees that Defendants may raise such an argument if not precluded by their privity, if any, with Granite. But Defendants then claim that, because the Trustee brought the present § 550 *recovery* action more than two years after SCC filed its bankruptcy petition, § 546(a)—the statute of limitations for *avoidance* actions—bars the recovery action. *See id.* On this point, Defendants are mistaken.

Whether there was a predicate "avoided transfer" is an essential element of the Trustee's recovery claim. *See* § 550(a). Accordingly, if not precluded, Defendants can invoke § 546(a)'s statute of limitations period to contest whether the initial transfer was properly avoided under § 544 because Granite itself could have raised this argument in the Trustee's prior avoidance action. *See Bernard L. Madoff Inv. Sec.*, 501 B.R. at 30. But the question is then whether the Trustee brought the avoidance action within § 546(a)'s two-year limitations period. The Trustee did so here.[6] The question is *not* whether the Trustee brought the present *recovery* action, which has its own statute of limitations

---

[6] SCC filed the bankruptcy petition on December 4, 2018, thereby starting § 546(a)'s limitations clock. Doc. 1, Compl. ¶ 2. The Trustee filed the § 544 avoidance action on December 3, 2020, within that period. *Id.* ¶ 139.

period under § 550(f), within § 546(a)'s limitations period. The "concepts of avoidance and recovery are separate and distinct," *AVI, Inc.*, 389 B.R. at 733, and Defendants' attempt to conflate the two actions and their respective limitations periods is improper.

A New York federal district court rejected a similar argument in *Bernard L. Madoff Investment Security*. There, the defendants in a recovery proceeding argued that the Trustee's recovery action, brought under § 550, "must be dismissed because the Trustee failed to bring avoidance actions against [the defendants] within the two-year statute of limitations provided by section 546(a) for avoidance actions," which had already run. 501 B.R. at 34. The Court rejected that argument because "[s]uch a requirement would import the section 546(a) statute of limitations into all recovery proceedings, thereby conflating the separate concepts of avoidance and recovery, and rendering [§] 550(f) a nullity." *Id.* at 35. The Court further noted that by its own terms, § 550(f)'s limitations period for recovery actions begins on the day of "avoidance," making it clear that Congress did not intend to subject recovery actions to the same statute of limitations as avoidance actions. *Id.*

Accordingly, the Court declines to apply § 546(a), the statute of limitations for avoidance actions, to this recovery action. This action is instead subject to its own statute of limitations, § 550(f), which required the Trustee to file this action within one year of avoidance. The Trustee obtained an avoidance judgment, thereby "avoiding" the initial transfer to Granite, on May 3, 2024. Doc. 1, Compl. ¶ 140. The Trustee then brought the present recovery action within one year of the

avoidance judgment, on May 2, 2025. *See generally id.* Thus, applying the proper statute of limitations, the Court finds that this recovery action is timely.

## IV.

## CONCLUSION

Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses the Trustee's claim as asserted against the Deceased Defendants. The Trustee's claim will proceed as to all other Defendants.

**SO ORDERED.**

**SIGNED: March 17, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE